**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4728**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHRISTOPHER DEON BELL,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Chief District Judge. (CR-03-46)

---

Submitted: March 22, 2004          Decided: April 15, 2004

---

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

---

Affirmed in part, dismissed in part by unpublished per curiam opinion.

---

William L. Osteen, Jr., ADAMS & OSTEEN, Greensboro, North Carolina, for Appellant. Angela Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Christopher Deon Bell pled guilty to attempted bank robbery and was sentenced to 121 months of imprisonment. On appeal, his counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), alleging that there are no meritorious claims for appeal but raising the following issues: Whether (1) Bell was properly sentenced under the Sentencing Guidelines and (2) the district court should have departed because he provided extraordinary acceptance of responsibility or assistance to the administration of justice. Although informed of the right to do so, Bell has not filed a pro se supplemental brief. For the reasons that follow, we affirm in part, and dismiss in part.

We review a question involving the legal interpretation of guidelines terminology and the application of that terminology to a particular set of facts de novo. United States v. Wessells, 936 F.2d 165, 168 (4th Cir. 1991). Factual determinations that underlie the application of the guidelines are reviewed for clear error. United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir. 1989). We find that Bell was properly sentenced. More specifically, we find that the court's decision to increase Bell's offense level by six, under U.S. Sentencing Guidelines Manual § 2B3.1(b)(2)(B) (2000), was proper, as the firearm at issue was "otherwise used."

Next, Bell alleges that the district court should have departed downward because he provided "extraordinary acceptance" of responsibility. Where, as here, the sentencing court was aware of its authority to depart and declined to do so, we lack authority to review its decision. United States v. Edwards, 188 F.3d 230, 238-39 (4th Cir. 1999); United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990). Accordingly, we dismiss this portion of the appeal.

We have examined the entire record in this case in accordance with the requirements of Anders and find no meritorious issues for appeal. Accordingly, we affirm in part, and dismiss in part. We deny counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
DISMISSED IN PART

- 3 -